Littleton, Judge,
delivered the opinion of the court:
The contention of counsel for defendant that the court is without jurisdiction to entertain this suit because plaintiff did not appeal from the decisions of the contracting officer refusing to pay the items herein sued for cannot be sustained. Under Art. 15 of the contract only decisions us to questions of fact by the contracting officer and the head of the department concerned, if an appeal was taken, were to be final and conclusive upon the parties. No appeal *474 was required from any decision of the contracting officer, except as to questions of fact. In this case the record shows that there was no dispute between the parties as to the facts under which the plaintiff’s claims arose and upon which they were based. Neither are those facts denied here. Payment of the extra costs making up the ¡first item of plaintiff’s claim, which represented the actual additional cost, including overhead, for rehandling and storing materials and an increase in the wages of the structural steel workers, was denied by a board of officials of the Treasury Department, of which board the contracting officer was not a member, solely on the ground that a ruling of the Comptroller General, by which the board considered itself bound, prohibited the payment of these extra expenses. The board therefore concluded that as the extra expenses making up this item did not constitute either labor or materials entering into the construction of the foundations they could not be paid for under the contract. It will be seen, therefore, that this item of plaintiff’s claim was denied upon the construction of the contract rather than upon the facts. It is clear that the court is not deprived of jurisdiction to consider the claim. Appeals were necessary under the contract only on disputes concerning questions of fact, and there was here no controversy as to the facts. The board, even if its action could be considered as a decision by the contracting officer within the meaning of the contract, made no findings of fact. There was, therefore, nothing from which an appeal was required to be taken.
Upon the facts disclosed by the record, the same conclusion is necessary under the second item with reference to' the additional cost incurred and paid for purchasing and laying the tile which defendant compelled plaintiff to furnish.
As to the question concerning the tile, there was no dispute as to the actual facts. The contracting officer simply arbitrarily refused to consider the claim for the additional costs. Plaintiff did appeal from this action of the contracting officer and in a letter signed by the Chief Clerk of the Treasury Department, “By direction of the Secretary of the Treasury,” the claim for this extra cost was disposed *475 of on tbe ground that the contract required that the plaintiff furnish the tile demanded. There was no finding of fact and the facts upon which plaintiff based its claim were not denied.
On the merits it seems clear that plaintiff is entitled to recover the extra costs directly attributable to the delays in beginning the structural steel work because of the unknown, and unforeseen conditions encountered in excavating for' and constructing the foundation for the building and for' the additional cost incurred in being required to furnish glazed vitrified tile which was more expensive than the cream color glazed tile known to the trade at the time the contract was made, and more expensive than the tile which, it seems clear, was contemplated by the parties to the contract.
The changes made necessary by reason of the conditions encountered in excavating for the foundation of the building were not reasonable changes within the scope of the drawings and specifications as contemplated in Art. 3 of the contract, but represented important changes based upon changed conditions which were unknown and materially different from those shown on the drawings or indicated in the specifications. Such changes were, therefore, clearly not within the contemplation of either party to the contract at the time it was made. On the facts disclosed plaintiff is entitled to recover on this item. But its recovery must be limited to the actual extra costs incurred without profit-Profits are not allowable upon damages sustained by reason of delays caused by the defendant and occasioned by unforeseen conditions encountered during the prosecution of the work, unless the contract so provides. The matter of the allowance of a profit based on extra costs was an item properly to be considered in determining the additional compensation to which a contractor is entitled for extra expense and materials required to perform the work called for in change orders. It must be presumed that in the equitable adjustment under Art. 4 of the contract, the additional compensation allowed and paid to plaintiff for the extra work and materials made necessary by reason of the additional excavation and enlarged footings included a reasonable profit. ‘
*476 The defense that incidental damages resulting from delays which are not unreasonable and which are caused by reasonable changes within the scope of the drawings and specifications has no application here. The cases of McCord v. United States, 9 C. Cls. 155; Moran Brothers Co. v. United States, 61 C. Cls. 73, 103; and Levering & Garrigues Co. v. United States, 73 C. Cls. 508, 523, 525, are clearly distinguishable upon the facts involved and the contract provisions which were there being considered. The decisions are uniform that a contractor may recover damages and extra costs directly attributable to and occasioned by delays caused by the defendant by reason of conditions encountered materially differing from those specified and contemplated by the drawings and specifications. The present claim comes within this rule.
With reference to the second item of the claim presented in this case, we are of opinion that the defendant was without authority under the contract to require plaintiff to furnish and lay tile which was more expensive than the cream color vitrified glazed tile generally known to the building trade and to the plaintiff and the defendant at the time the contract was made. Clearly the contract cannot be construed as requiring plaintiff to furnish and lay a special tile not theretofore known to the trade which was manufactured by a secret process, or a similar tile necessary to be especially manufactured. The contract, instead of providing that the tile to be furnished should be such tile as the contracting officer might demand when the time came to lay the tile, stated that plaintiff was to furnish a cream color glazed vitrified tile. At the time the contract was made a cream color glazed vitrified tile was being manufactured and was generally advertised and known to the building trade. It was upon this tile that plaintiff made its bid. When, therefore, the contracting officer arbitrarily demanded and required plaintiff to furnish a different and more expensive tile than that generally advertised and known to the parties at the time the contract was made, he obligated the defendant to pay the excess cost of the special tile demanded plus a reasonable profit. Such action, which was evidenced in writing, constituted a change in the contract which required *477 an equitable adjustment the increased cost. The actual additional cost, including a reasonable profit, of $13,327.74 which, plaintiff was required to pay for the tile demanded is not denied by the defendant, and the defense to a recovery on this item is based solely upon the contention that the court is without jurisdiction to award plaintiff this additional compensation because the contracting officer refused the claim and plaintiff took no appeal from that action. As disclosed in the findings, this was not a dispute concerning a question of fact but the controversy involved a construction of the contract and presented the question whether, under the provisions in the drawings and specifications relating to cream color glazed vitrified tile, plaintiff should be required to furnish a tile which was more expensive than the tile advertised and known to the trade and to the parties at the time the contract was made. After the contract was entered into the Acting Supervising Architect of the Treasury received a sample of a tile manufactured under a secret process which was later, during 1929, advertised and known as “cream gloss Arketex” tile, in the manufacture of which two processes were required. This tile, instead of being known and advertised as cream color vitrified glazed tile, was known to the trade as “slip-face” or “enamelled tile.” In these circumstances we think it is clear that plaintiff was and is entitled to additional compensation for furnishing and laying this more expensive tile, together with a reasonable profit upon such additional cost.
Even if an appeal was necessary from the arbitrary action of the contracting officer, the facts disclose that such an appeal was taken and the claim was later rejected by direction of the Secretary of the Treasury on the sole ground that the contract required plaintiff to furnish the tile ■ demanded.
Judgment will be entered in favor of plaintiff for $28,795.64. It is so ordered.
Whalet, Judge; Williams, Judge; Green, Judge; and . Booth, Chief Justice, concur.